# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

CA. 04-30234-

## UNITED STATES, D.H.S., I.N.S.
## ATTORNEY GENERAL
## STATE OF CONNECTICUT


-V-


## MARK RICHARDS
## MOVANT


## PETITION PURSUANT TO
## TO VACATE, SET ASIDE
## OR CORRECT SENTENCE
## § 2254


**Mark Richards, pro se**
**160 Elm Street**
**Greenfield, Ma.   01301**

**SUPREME COURT**
**for the**
**STATE OF CONNECTICUT**

Name: Mark Richards, pro se
Alien Number: A# 37 456 471
Place of Confinement: Franklin County House of Corrections, 160 Elm Street
Greenfield, Ma. 01301
Supreme Court for the State of Connecticut
Case Number:

Mark Richards, pro se                                                          Petitioner
                                -v-
Superintendent Byron [Franklin County House of Corrections]; State of Connecticut;
Additional Respondent Attorney General for the State of Connecticut...Respondent

**PETITION PURSUANT TO**
**§ 2254**

1. Name and Location of Court:

   a. Superior Court for the State of Connecticut at Manchester.

2. Date of Judgement of Conviction:

   a. On Docket # CR 01-176684; January 17, 2001

   b. On Docket # CR 00-171352; April 26, 2001

3. Length of Sentences:

   a. On Docket # CR 01-176684 to the term of Ninety (90), days.

   b. On Docket # CR 00-171352 to the term of two (2) years

   c. On Docket # CR 00-171352 to the term of two (2) years to be run

      concurrent, with the above two (2) year term.

4. Name of Offenses involved (all counts):

a.   On Docket # CR 01-176684 the Movant was convicted of Contempt of Court under GSA 51-33a.

b.   On Docket # CR 00-171352 the Movant was convicted of one (1) count of Failure to Appear under GSA 53a-172 and one (1) count of Forgery 2nd Degree under GSA 53a-139.

5.   My plea per a plea agreement was guilty on all counts by use of an Alford Plea.

6.   There was no trial as I plead guilty to all counts.

7.   There was no trial due to a plea agreement and due to such I did not testify..

8.   I have not appealed any issues from plea at this time.

9.   The Movant filed a motion with the Connecticut Superior Court GA12, and it was returned due to Lack of Authority.

10.  (a). 1).   Movant filed a motion with the Superior Court GA12 at Manchester Connecticut.

2).   The Movant filed a Motion to Vacate Sentence and to Re-open.

3.)   The grounds raised in the motion were for "Ineffective assistance of Counsel and prejudice due to the ineffectiveness of counsel"

4.)   I was not granted an evidentiary hearing.

(b).  I have never appealed to any Federal Court having jurisdiction in this issue.

(c).  I never presented an appeal because I never knew I could appeal this issue. I had been told it was to late to do so.

11.  Ground One: Denial of Effective Assistance of Counsel.

A. The Supporting Facts in this Issue are:

(1).  The attached exhibits are included as substantiating this "Ground"; My

Attorney John O'Brien, had in his possession a document that I was not

made aware of until after I was sentenced. The document Attorney

O'Brien had was a statement from my ex-girlfriend informing him, and

the Court that she had lied and I had not forged one of her checks. I am

sending attached to this Motion copies of the letter and a sworn

statement made by myself that it was a true and original copy.

12.  I have no petition or appeal pending in any other Court on this issue.

13.  Attorney John O'Brien, of Rockville Connecticut, represented me in all

proceedings , other than the returned motion and this motion now being

submitted.

14.  I was sentenced on two (2) docket #'s in the same Court, pertaining to the same

issue at a relative time.

15.  I have no future sentences to serve.

**WHEREFORE,** Movant prays that this Honorable Court grant him the relief to

which he is entitled in this proceeding.

Mark Richards, pro se

I certify under penalty of perjury that the foregoing is true and correct.

_____
Executed On

Mark Richards, pro se

SUPERIOR COURT 12

[illegible] A 10: 43

# SUPERIOR COURT
# STATE OF CONNECTICUT
# AT MANCHESTER, CONNECTICUT

## STATE OF CONNECTICUT
## PLAINTIFF

### -V-

## MARK RICHARDS, pro se
## DEFENDANT

### NOTICE OF MOTION AND AFFIDAVIT
### IN SUPPORT OF MOTION TO RE-OPEN
### DOCKET #'S   CR 00-171352, CR 01-176684

*11/1/04 3:00PM
MOTION TO REOPEN DENIED
THE PAPERS. COURT NOTED ON
... OF AUTHORITY BASED ON
...DANT'S CLAIMS TO
...TED AND VACATE PLEAS.*

*HON. JORGE A. SIMON*

**Mark Richards, pro se**
**160 Elm Street**
**Greenfield, Ma.   01301**

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................i

TABLE OF AUTHORITIES..................................................ii,iii

ISSUE BROUGHT BEFORE BAR...........................................1

STATEMENT OF THE CASE.................................................2

STATEMENT OF FACT.......................................................3

NOTICE OF MOTION TO RE-OPEN.....................................4

AFFIDAVIT IN SUPPORT OF MOTION TO RE-OPEN.................6

EVIDENCE ENTERED................................(EXHIBITS A through E)

# TABLE OF AUTHORITIES

1. *United States -v- DeCoster*, 487 F.2d 1197 (D.C. Cir. 1973)

2. *Spreitzer -v- Peters,* 114 F. 3d 1435 (7th Cir. 1997)

3. *Garcia -v- Bunnell,* 33 F. 3d 1193 9th Cir. 1994)

4. *Strickland -v- Washington,* 466 U.S. 668, 687-688, 104 S.Ct. 2052, 2064 (1984)

5. *Mirabitiv -v- Liccado,* 4 Cal. Rptr. 2d 571 (Ct. App. 1992)

6. *Walderman -v- Levine,* 544 A 2d 693 (D.C. 1998)

7. *Allen -v- Duncan, Grimes & Dermer, P.C.,* 453 S.E. 2d 719 (Ga. 1995)

8. *Mayol -v- Summers, Watson & Klipnel,* 585 N.E. 2d 1176 (Ill. App. Ct.)
   appeal denied, 586 N.E. 2d 630 (Ill. 1992). Court found it stated a claim
   for relief based upon breach of common fiduciary duty, BAR Rules
   merely to provide some evidence of standard of care.

9. Sargent *-v- Buckley,* 696 A. 2d 1272 (Me. 1997).

10. *Fishman -v- Brooks,* 487 N.E. 2d 1377, 1381-82 (Mass. 1996).

11. *McNair -v- Rainsford,* 499 S.E. 2d (S.C. Ct. App. 1998)

12. *Glasser -v- U.S.,* 3115 U.S. 60 (1942)

13. *U.S. -v- Morrison,* 449 U.S. 361, 66 L. Ed. 2d 564, 101 C. Ct. 665(1931)

14. *U.S. -v- Frank,* 53 F. 2d 128, 129; *U.S. -v- Laughlin,* 57 F. 2d. 1080; *Pearse -v-*
    U.S. 59 F. 2d 518; *in re Kelly,* 243, F. 2d 696, 705.

15. *State -v- Barto,* 232 N.W. 553, 202 Wis. 239

16. *Reddy -v- Combe,* 916 F. 2d 47, 52 Fr. 1 (2nd Cir. 1990)

17. *Katteakos -v- United States,* 328 U.S. 750, 764-765, 66 S.Ct. 1239, 1248-1249
    (1946)

18. *People -v- Moore,* 193 A,D. 627, 597 N.Y.S. 2d 444 (2nd Dept. 1993)

19. *People -v- Wallace,* 187 A.D. 2d 988, 591 N.Y.S. 2d (4th Dept. 1992)

20. *People -v- Dombrowski,* 163 A.D. 2d 873, 558 N.Y.S. 2d 947, 578 N.Y.S. 2d 743
    (4th Dept. 1990)

**21.** *People -v- Toporcyzk,* 178 A.D. 2d 947, 578 N.Y.S. 2d 401 (4th Dept. 1990).

**22.** *Mason -v- Scully,* 16 F. 3d 38, 45 (2nd Cir. 1994).

**23.** *Tower -v- Gloverr,* 467 U.S. 914, 104 S. Ct. 2820

**24.** *Polk County -v- Dodson,* 454 U.S. 312, 102 S. Ct. 445  L. Ed. 2d 509.

**25.** *Dennis -v- Sparks,* 449, U.S. 24, 101 S.Ct. 183, L. Ed. 2d 185 P. 2824

**26.** *U.S. -v- Tweel,* 550 F. 2d 297, 299-300

**27.** *People -v- Love,* 57 N.Y. 2d 998, 1000 , 457 N.Y.S. 2d 238, 239 (1982).

**28.** *Murray -v-* Carrier, 477 U.S. 478, 487, 106 S.Ct. 2639, 2645 (1986).

**29.** *People -v- Morales,* 58 N.Y. 2d 1008, 1009, 461 N.Y.S. 2d 1011, 1012 (1983).

**30.** *People -v- Ford,* 46 N.Y. 2d 1021, 416 N.Y.S. 2d, 536 (1979).

**31.** *People -v- Scott,* 10 N.Y. 2d 380, 382 N.Y.S. 2d 472, 473, 474 (1961).

**32.** *Harris -v- Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 1091 (1969).

**33.** *People -v- Callace,* Misc. 2d 151, 464, 573 N.Y.S. 2d 137 (Suffolk County Ct. 1991).

**34.** *People -v- Griffin,* 138 Misc. 2d 279, 524, N.Y.S. 2d 153 (Sup. Ct. Kings County 1988).

**35.** *Matter of Bernard C.,* 168 Misc. 2d 813, 640 N.Y.S. 2d 962 (Family Court N.Y. County 1996).

**36.** *Diaz -v- Lukash,* 82 N.Y. 2d 211, 217-218, 604 N.Y.S. 2d 28, 31 (1993).

**37.** *Dabbs -v- Vargari,* 149 Misc.2d 844, 570 N.Y.S. 2d 765 (Sup. Court Westchester County, 1990).

**38.** *Germany -v- Vance,* 868 F. 2d 9, 14 (1st Cir. 1989).

**39.** *U.S. -v- Groce,* 833 F.Supp. 411, 416-417 (E.D. Wis. 1993).

# ISSUE BROUGHT BEFORE BAR

Was Mark Richards wrongly convicted and sent to prison, due to Ineffective Assistance of Counsel and the Prejudicial, Deficient and Non-Ethical performance of his Court appointed Attorney John O'Brien?

And should Mark Richards case be re-opened and an injustice be corrected? Based upon the evidence and affidavits supplied or at the very least be brought before this Court for an evidentiary hearing.

# STATEMENT OF THE CASE

This motion is brought forth based on an injustice done to the Defendant Mark Richards by an "Officer of the Court" and a member of the Connecticut Bar.

The preponderance of evidence ( shown below Black's Law Dictionary description) as brought forth in this motion can and should at the very least cause the Court to; Order an "evidentiary hearing" in the "Interest of Justice"; [Preponderance of the Evidence as shown on page 1201 of "Black's Law Dictionary" states "the greater weight of the evidence; superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt; is still sufficient to incline a fair and impartial mind to one side of the issue and not the other"].

A fair and impartial mind in the issue at Bar and one in the pursuit of justice would at the least grant an evidentiary hearing.

2

# STATEMENT OF FACT

The following facts are brought forth to this Court in furtherance of giving the Court the feasance necessary to; Grant the relief sought by the Defendant:

1. As shown in Exhibit A, evidence brought forth and in possession of Attorney John O'brien was never introduced into evidence. This evidence bearing very heavily in support of an unjust conviction of the Defendant.

2. Statement issued by Mark Richards alleging [ found under procedural history] that Judge Jorg Simone having found the Defendant "Guilty of Contempt" and making an example of him.

3. That there has been such prejudice brought forth against the Defendant due to the deficient performance of Attorney John O'Brien that the Defendant had no chance of a fairness of justice.

3

information in possession of the prosecution and do adequate research. See e.g., *United States -v- DeCoster,* 487 F.2d 1197 (D.C. Cir. 1973).The Defendant is bringing this action forth based upon two (2) separate incidents either one of which could have caused the injury done to the Defendant much the same as the Concurrent Cause Doctrine's theory.

2.   This action should be accepted on the basis of Newly Discovered Evidence of which the Defendant Mark Richards was not aware, nor was he aware that he could submit a motion and that the Court has a moral and legal obligation to "right a wrong" and should reasonably do so. And more so in the instance at hand, as the Defendant put his life into the hands of the "Justice System", which failed him miserably. And that it should be the "Justice System" that corrects it. It has always been a well accepted fact that a wrong done in a Court could be corrected and the justice denied be rightfully brought forth. It being the Court's and equally the State's constitutional obligation to address the specific harm suffered by the Defendant and further more it is also the State's obligation to reopen, assign counsel, put the Court's jurisdiction and powers to use, and to bring the Due Process the Defendant was denied and is seeking to make sure that the States constitutional requirement to afford fair and equal justice is meted out to all that come before it.

3.   I make this affidavit in support of my motion, (1) for an Order, allowing the Defendant to re-open the above entitled matter, upon the grounds that I was denied effective assistance of counsel during the pre-trial proceedings in violation of the First (1st), Sixth (6th), and Fourteenth (14th) Amendments of the Constitution of the United States, and for an Order, setting a Court date of

7

November 14th, 2004 or as soon thereafter as counsel may be heard.

4. This affidavit is also made in support of my requests (a) for an Order directing Attorney O'Brien to serve and file an affidavit responding to the allegations made hereinafter about his performance on the grounds that such a responding affidavit is necessary to carry into effect the powers and jurisdiction possessed by the Court, and to better serve the interests of judicial time and economy; (b) for an Order pursuant to the Defendant being indigent granting him the right to proceed in, in forma pauperis, assigning an attorney and/or an investigator to locate and present witnesses for me on the grounds that I cannot afford such professional services myself and the materials needing to be located are extremely important to a proper determination of my Pleading; (c) for and Order, granting an evidentiary hearing on the grounds that one is crucial to create the evidentiary record necessary for the Court to adequately and effectively and meaningfully determine my motion; (d) for an Order, dismissing the docket numbers listed above on the grounds of prejudiced prosecution and in the interest of justice and for an Order, granting such further relief as this Court deems just and proper.

## PROCEDURAL HISTORY

5. The defendant was represented by Attorney John O'Brien.

6. The Defendant is bringing this action forth based upon a conviction entered in front of the Honorable Judge Jorg Simone, and entails sentencing on two separate incidents but which has an accumulative affect which brings about the

necessity to re-open the cases at bar.

7.   Judge Simone came into the holding cell and made a statement, that he was

gonna use me as an example to others. So that when he told me [or someone

else] to do something, we would do it when he said it and without any doubts.

(this would leave one very good reason to believe he didn't like me and was

gonna get his pound of flesh out of me).

8.   The first sentence imposed was based on Conn. § 51-33a and was imposed on

January 17, 2001 for the reason of contempt the Defendant was sentenced to 90

days. This was done on Docket # CR-01-176684. (see exhibit E).

9.   The second sentencing was on April 26, 2001 after he had concluded his 90 day

sentence, and was based on Conn. §§ 53a-139; the offense of forgery 2nd and

for 53a-172; the offense of Failure to Appear The sentence imposed for these

were as follows; Two (2) years for each with the time to run concurrently. This

was done on Docket # CR-00-171352. (see exhibit F).

10.  The Defendant has not brought this issue forth in any other type of action and

has only recently found out that he had the right to have a wrong corrected.

11.  The Defendant then became an INS detainee on the Sixteenth (16th) of April,

2003.

12.  The Defendant is still currently in INS custody at the present time.

## **FACTS**

## STATEMENT OF INDIGENCE

13. The Defendant being incarcerated has no means of support other than what is given by the Franklin County House of Corrections.

14. The Defendant has no job at the Franklin County House of Corrections, thus giving him no income.

15. There is no third (3rd) party who has a financial interest in this case who would be willing to pay for the Defendants motion.

16. I have no savings, property of any kind or any assets.

17. The Defendant asks to be declared indigent by this Court and allowed to proceed in forma pauperis.

## ATTEMPTS TO OBTAIN EVIDENCE TO SUPPORT THIS MOTION

18. By letter dated September 5, 2004, I made an attempt to obtain an affidavit from my trial Attorney John O'Brien, with respect to the allegations hereinafter set forth about his trial performance. A copy of that letter is submitted herewith (see exhibit C ).

19. To date, he has not responded to the letter.

20. In one last attempt to obtain Attorney John O'Brien's cooperation in providing information to support this motion, I sent true and correct copies of this affidavit, and herewith notice of motion and exhibits to him at the same time they were submitted to this Court and served on the State's Attorney (see annexed Certificate of Service). They were accompanied by a letter dated October 7

2004, asking Attorney John O'Brien to provide the Court, the State's Attorney and myself with an affidavit setting forth facts, justifications and strategies relevant to a determination of the merits of this motion and/or the need for an evidentiary hearing. A copy of that letter is submitted herewith as exhibit (D).

## PRE-TRIAL PROCEEDINGS

21. My Attorney John O'Brien's pre-trial performance was deficient as follows.

    a. My Attorney John O'Brien through negligence failed to bring forth issue that were inherently material to my case.

    b. Attorney O'Brien should have moved to have Judge Simone recuse himself from my case, after the judge having sentenced me for contempt; this would be safe to assume could cause a position of bias.

       (1). ABA Rules of Professional Conduct, RPC, Sections 1&2 contain 21 Ethics Rules(ER), see [ER-4], Loyalty to a client is so impaired when a lawyer cannot consider, recommend or carry out an appropriate cause of action for the client *because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client.* The canons of Professional Ethics must be enforced by the Courts and must be respected by members of the BAR if we are to maintain public confidence in the integrity and impartiality of the administration of justice. *in re Meeker,* 76 N.M. 354, 357, 414P. 2d

11

862, 864 (1996).

(2).    Criminal client is entitled to counsel whose undivided loyalties lie

with the client; _see Spreitzer-v-Peters,_ 114 F.3d 1435 (7th Cir. 1997).

(3).    Right to conflict free representation, derives from the Sixth (6th)

Amendment; _see Garcia-v- Bunnell,_ 33 F. 3d 1193 (9th Cir. 1994).

My attorney's performance was deficient in the context that he had

information that would have caused a verdict in favor of the

Defendant and not only failed to bring it forth but refused to bring it

forth, even after I had asked him to do so.(see exhibit A).

### GROUNDS FOR RELIEF

22.  I repeat, reiterate, and reallege each and every allegation of this affidavit set

forth in paragraphs 1 and to include 22 with the same force and effect as if

separately set out and numbered in each of the following grounds for relief:

### GROUND 1

## COUNSEL'S PERFORMANCE WAS SO DEFICIENT
## AS TO AMOUNT TO THE SUBSTANTIAL
## EQUIVALENT OF NO REPRESENTATION AT ALL,
## OR AT THE VERY LEAST RESULTED IN SUCH

**PREJUDICE TO THE DEFENSE THAT MY RIGHT TO COUNSEL AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED UNDER THE UNITED STATES CONSTITUTIONAL AMENDMENTS ONE (1), SIXTH (6Th), AND FOURTEENTH (14Th) IN EFFECT DENYING HIM HIS RIGHT TO FAIR ACCESS TO THE COURTS**

23. A Defendant's right to the effective assistance of counsel under the sixth (6th) and Fourteenth (14th) Amendments to the Constitution of the United States and his First (1st) Amendment right allowing access to the Courts, are violated when his trials counsels performance is deficient to the point where it falls below an objective standard of reasonableness, and the deficient performance prejudices the defense. *Strickland –v- Washington,* 466 U.S. 668, 687-688, 104 S. Ct. 2052, 2064 (1984).

24. When Counsel's performance amounts to a constructive denial of assistance altogether, it is legally presumed to result in prejudice. *Id.,* at 692, 104 S.Ct., at 2067. In all other situations, prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* At 694, 104 S.Ct., 2068.

## DEFICIENT PERFORMANCE

25. Here, trial counsels performance either amounted to a constructive denial of assistance altogether, or fell below an objective standard of reasonableness as follows:

26. Attorney John O'Briens performance was deficient in and/or not committing the following:

    a. At the time the Defendant was going through the pre-trial proceedings Attorney O'Brien was in possession of information that would have been of an exculpatory nature:

        (1). Patricia Anne Davis had notified Attorney O'Brien that the truth of the matter was, that Mark Richards was in actuality on the checking account as an included signer.

        (2). Patricia Anne Davis had informed Attorney O'Brien that she would also be willing to bring forth a signed affidavit showing that Mark Richards was an allowed signer on the account.

            (a)(1). Mr. Mark Richards had made out the signature card when Patricia Anne Davis brought them to him at work; [Alternative Business Interior], located at Tolland St. East Hartford, Ct.

            (b)(1). Patricia Davis did in fact write such a letter and Attorney O'Brien had it in his possession during the pre-trial and plea time of this issue. (see exhibit A).

27. Ethics Rules are evidence of scope of duties, that a lawyer owes his or her client or former client, *Mirabitiv –v- Liccado,* 4 Cal. Rptr. 2d 571

(Ct. App. 1992).; and may be incorporated to show, that lawyer breached his or her fiduciary duty to client, *Walderman -v- Levine,* 544 A 2d 693 (D.C. 1998); for determining what standard of care is appropriate, *Allen -v- Duncan, Grimes & Dermer, P.C.,* 453 S.E. 2d 719 (Ga. 1995) to address specific harm client suffered and lawyer disciplinary rules may be quoted to same extent as statutes in ordinary negligence case, *Mayol -v- Summers, Watson & Klipnel,* 585 N.E. 2d 1176 (Ill. App. Ct.) appeal denied, 586 N.E. 2d 630 (Ill. 1992). Court found it stated a claim for relief based upon breach of common fiduciary duty, using BAR Rules merely to provide some evidence of standard of care, *Sargent -v- Buckley,* 696 A. 2d 1272 (Me. 1997). If Defendant can demonstrate that disciplinary rule intended to protect one in his position was violated, violation may be some evidence of lawyer negligence: expert "could base his opinion on attorney's failure to conform to disciplinary rule"; rules are evidence, on par with "liquor, workers compensation and building codes." *Fishman -v- Brooks,* 487 N.E. 2d 1377, 1381-82 (Mass. 1996). Failure to comply with rules of professional conduct is not evidence of negligence per se, but it is circumstances to be considered in determining whether lawyer exercised reasonable care in fulfilling his or her legal duties to client. *McNair -v- Rainsford,* 499 S.E. 2d (S.C. Ct. App. 1998). *Glasser -v- U.S.,* 3115 U.S. 60 (1942) makes it clear that effective assistance of counsel is guaranteed by the Sixth (6th) Amendment to the

15

Constitution.

28.  The Defendant should be able to safely presume effective assistance of counsel would be such that he would be informed of all rules and law pertaining to his case.

   a.  That counsel would fully discuss with the Defendant any knowledge that was in his possession so the Defendant could make intelligent decisions.

29.  It would also be safe to assume that effective assistance of counsel would also be the fulfillment of the attorney's fiduciary duties to the Defendant.

30.  Right to conflict free representation, derives from the Sixth (6th) Amendment. *Garcia _v- Bunnell,* 33 F. 3d 1193 (9th Cir. 1994).

31.  Criminal Defendant is entitled to counsel whose loyalties lie with client, (not anywhere else). *Spreitzer -v- Peters,* 114 F. 3d 1435 (7th Cir. 1997).

32.  **Reversal Mandated** if prejudice is shown on attorney client relationship. **U.S. -v- Morrison,** 449 U.S. 361, 66 L.Ed. 2d 564, 101 S. Ct. 665 (1931).

33.  Counsel was also deficient in his performance as to and for the fact that he Failed to pursue a vigorous and diligent defense in and for his client.

   a.  7 C.J.S. Attorney Client, page 707 ---- case law cited shows:

      1.  first duty is not to client, "counsel must remember that they too, are officers of the Court, administrators of justice, oath bound servants

16

of society"; that their first duty is to the administration of justice; that their clients success is wholly subordinate; *U.S. -v- Frank,* 53 F. 2d 128, 129; *U.S. -v- Laughlin,* 57 F. 2d 1080; *Pearse -v- U.S.,* 59 F. 2d 518; *in re Kelley,* 243, F. 2d 696, 705.

34. In case of conflict between attorney's duty to client and that to Court, his duty to the Court must prevail. *State -v- Barto,* 232 N.W. 553, 202 Wis. 239.

35. Just such a conflict is "pleadings" which may be made. One such pleading is '*in propria persona*", which is defined in Black's Law Dictionary at page 1235:

   (a).    ....a rule in pleading that pleadings to the jurisdiction of the Court must be plead in "*propria persona*", because if plead by an attorney they admit the jurisdiction, as an officer of the Court, and he is presumed to plead after having obtained leave, which admits the jurisdiction.

36. Counsel was deficient in not making himself more aware of the, *ideosyncrocies of the law surrounding the Defendant's case and practicing a better line of defense, including bringing in evidence that would benefit his client.* (see exhibit A).

37. As an "Officer of the Court", an attorney would seemingly be aware of the defenses that would be most beneficial to his client.


## PREJUDICE


38. The appropriate analysis for determining prejudice is whether " there is a reasonable probability that, but for defense counsel's unprofessional errors, the

results of the proceeding would have been different." _Strickland -v- Washington,supra, at_ 694  104 S. Ct. 2068. Such an analysis does not require an evaluation of whether the evidence was "sufficient" to support the conviction; _See Reddy -v- Combe,_ 916 F. 2d 47, 52 Fr. 1 (2nd Cir. 1990); _cf.Katteakos -v- United States,_ 328 U.S. 750, 764-765, 66 S.Ct. 1239, 1248-1249 (1946) [noting that an inquiry into prejudice cannot be merely whether there is enough evidence to support the result]; _People -v- Moore,_ 193 A.D. 627, 597 N.Y.S. 2d 444 (2nd Dept. 1993),[denying relief solely on sufficiency of evidence claim, yet granting relief with respect to an error the Court nonetheless found to be prejudicial].

39.    Many of the factors which should be evaluated in a prejudice claim for analysis have been set out in a variety of decisions as follows:

> The strength of the Defendant's case, and whether the deficiency in counsel's Performance was either detrimental to an issue that "was critical" (_People -v- Wallace,_ 187 A.D. 2d 988, 591 N.Y.S. 2d [4th Dept 1992]); The fact that Attorney O'Brien had in his possession a letter from Patricia Davis which would very greatly diminish the prosecution's case was a sure sign of prejudice. _People -v- Dombrowski,_ 163 A.D. 2d 873, 558 N.Y.S. 2d 401 [4th Dept. 1990], "or served to undermine the Defendant's case substantially"; (_People -v- Toporczyk,_ 178 A.D. 2d 947,

578 N.Y.S. 2d 743 [4th Dept. 1991]. (see exhibit A).

Whether the Prosecution's case was supported by any physical evidence (such as finger-prints, or ballistics) against the Defendant's; whether any of Prosecution's witnesses failed to identify the Defendant either before or during the trial; whether the jury would have asked for a read-back of testimony, or a review of the evidence, or more Court instructions on matters which would indicate a reasonable probability that their verdict would have been different had counsel's performance not been deficient. *Mason -v- Scully,* 16 F. 3d 38, 45 (2nd Cir. 1994).

40. My case was prejudiced as follows:

a. *Polk County -v- Dodson,* 454 U.S. 3122, 102 S. Ct. 445, would not apply to the case at bar as it is the Defendant's allegations that Attorney O'Brien acted in concert with the prosecution and intentionally or not intentionally the causal affects of Attorney O'Brien's actions created a conspiracy type of atmosphere when taken in concert with the fact that Attorney O'Brien had evidence which would greatly enhance the Defendant's situation and refused to bring it forth [this in itself being a direct conflict and an abuse of his sworn to canons of ethical practice] which became a direct conflict with the Defendant's Civil Rights.

19

b.  The canons of Professional Ethics must be enforced by the Courts and must be respected by members of the BAR if we are to maintain public confidence in the integrity and impartiality of the administration of justice. *In re Meeker.* 76 N.M. 354, 357, 414 P. 2d 862, 864 (1996).

(1).  There can be no fair trial unless the accused receives the services of an effective and independent advocate.

(a).  *Polk County -v- Dodson, supra,*; Although the employment relationship is a relevant factor it is insufficient to establish that a *313 public defender acts "under color of State law" within the meaning of § 1983. A public defender is not amenable to administrative direction in the same sense as other state employees. And equally important, it is the State's constitutional obligation to respect the professional independence of the public defenders whom it engages.

(a)(1).  In the current issue *"POLK"*, would not apply, but it would more seemingly be, *Tower -v- Gloverr,* (467 U.S. 914, 104 S.Ct. 2820) which would apply, see [3] Civil Rights (key) 1375 78k1375 most cited cases; State public defenders were not immune from Civil Rights liability with regard to alleged intentional misconduct by virtue of alleged conspiritational actions with State officials to deprive Defendant of his Constitutional Rights by securing a conviction through complicity

with the State.

Held:

41.  Defendant's complaint adequately alleges conduct "under color of state law" for purposes of § 1983, in view of the conspiracy allegations. These same allegations brought forth in the manner of this motion certainly entertains enough grounds for the granting of the relief sought. Although appointed counsel in a criminal prosecution does not "act under color of state law" in the normal course of conducting the defense. *Polk County -v- Dodson,* 454 U.S. 312, 102 S.Ct. 445 L.Ed. 2d 509, an otherwise private person acts "under color of state law" when engaged in a conspiracy with state officials to deprive another of Federal rights, *Dennis -v- Sparks,* 449 U.S. 24, 101 S.Ct. 183, L. Ed. 2d 185 P. 2824.

    a.  The Defendant believes his case was prejudiced by Attorney O'Brien conspiring with the State to not introduce evidence that he knew would have greatly affected the outcome of the proceedings.

        (1).  Exhibit (A)...shows that the evidence that Attorney O'Brien during the time the Defendant's case was being handled would have shown that the Defendant had not committed a crime but instead there was a simple error took had taken place, and that the Defendant had acted in good faith.

42.  Attorney O'Brien at the very least prejudiced the Defendant's case by having in his possession evidence that upon his receipt of it would have shown had he brought it forth to the Court that there was in fact no case of forgery due to the

21

fact that Mark Richards in good faith had written the check that he did; the truth being that three (3) days prior to his writing the check , Patricia Davis had obtained from the bank "signature" cards and had brought them to Mark Richards place of employment and he filled them out for Patricia Davis to take to the bank so he could be added and thusly making it a joint account. Through Attorney O'Brien's action of failing to do his "fiduciary duty" to his client, he allowed a person, who in reality was innocent of any crime be convicted (see exhibit A).

    a. It is the duty of the attorney, the Court and the D.A. to bring forth evidence of this type anytime it is brought to their knowledge in the "Interest of Justice" it is their the duty to keep an innocent person from being punished for something he or she did not do. *U.S. -v- Tweel,* 550 F. 2d 297, 299-300, has this to say about such silence:

    " Silence can only be equated with fraud when there is a legal or moral duty to speak"

43. Right to *conflict free representation* derives from the Sixth (6th) Amendment; *Garcia -v- Bunnell,* 33 F. 3d 1193 (9th Cir. 1994).

    a. The attorney must inform the client of the limitations and conflicts regarding his or her conduct (representative or assistance) (see RPC, Rule 1.2(e); RPC Rule 1.8(f) & ER ---4; RPC Rule 1.7(a) & (b), Ethics Rules 4,5,7 and 10). If the attorney is not allowed to disclose the conflicts, he or she cannot rightfully, morally or lawfully ask the accused to agree to his or her representation, (RPC Rule 1.7, ER---5), A BAR licensed attorney has an

immediate, major conflict of interest, which both he and the Court's choose to ignore and not disclose, even though they both have a legal and moral duty to inform the accused of the conflict.

44.   Viewing these facts in conjunction with the numerous deficiencies, in Attorney O'Brien's performance, set out above, it is respectfully submitted that Attorney O'Brien had not become familiarized with the laws and facts of my case, enough to represent me properly, which resulted in a performance amounting to a constructive denial of counsel altogether. But even if his performance were somehow above that level, it was still below an objective standard of reasonableness, and there is a reasonable probability, that but for counsel's unprofessional errors, the results would have been different.

a.   **"Reversal mandated** if prejudice is proven on attorney-client  relationship." _U.S. -v- Morrison,_ 449, U.S. 361, 66 L. Ed. 2d 564, 101 S.Ct. 665 (1931).

## GROUND II

ATTORNEY  O'BRIEN SHOULD BE ORDERED

TO SUBMIT AN AFFIDAVIT RESPONDING TO THE

ALLEGATIONS MADE IN THIS MOTION, AND

AN ATTORNEY AND/OR INVESTIGATOR

SHOULD BE ASSIGNED TO ASSIST ME

WITH THIS MOTION BECAUSE OF THE

FACT THAT THERE CANNOT BE A CRIME

23

## WHERE THE DEFENDANT ACTED IN GOOD FAITH AND THERE WAS NO INTENT TO DEFRAUD.8

45.   An inquiry into Defendant's counsel's conversation with his or her client may be critical to a proper assessment of counsel's investigative decisions as well as other defense decisions. *Strickland -v- Washington,* 466 U.S. 668, 691 104 S.Ct 2052, 2066 (1984). Because the contents are not normally part of the record on direct appeal, claims of ineffective counsel are more properly raised in a post judgment motion. *People -v- Love,* 57 N.Y. 2d 998, 1000, 457 N.Y.S. 2d 238, 239 (1982).

46.   During the litigation of such a proceeding, the reduction of burdens to all concerned, and the interests of judicial time and economy would be better served "through the use of affidavits or other simplifying procedures" as a prelude to an evidentiary hearing. *Murray -v- Carrier,* 477 U.S. 478, 487, 106 S.Ct. 2639, 2645 (1986). The issues needed to be developed at the hearing may be narrowed drastically in this manner.

47.   Consistently, a Defendant must "submit an affidavit from the attorney who represented him or offer an explanation of his failure to do so", before he can assert an entitlement to an evidentiary hearing, *People -v- Morales,* 58 N.Y. 2d 1008, 1009, 461 N.Y.S. 2d 1011, 1012 (1983). The affidavit/explanation requirement applies to other witnesses who have information which would support a post-conviction motion; *People -v- Ford,* 46 N.Y. 2d 1021, 416

N.Y.S. 2d 536 (1979).

48.  I have sent to Attorney John O'Brien a letter (accompanied by these motion papers and exhibits), asking him to provide the Court, the States Attorney and myself with the necessary affidavit answering to the allegations made herein. (see exhibit D).

49.  This motions return date is set for thirty (30) days from the date of the letter. That should be sufficient time for Attorney O'Brien to provide the requested affidavit. *People -v- Scott,* 10 N.Y.2d  380, 382 223 N.Y.S. 2d 472, 473, 474 (1961).

50.  In the event that he does not provide the affidavit by then, I believe it would be appropriate for the Court to issue and Order directing him to do so.

51.  I cannot afford an investigator nor an attorney, and I do not have any other means of obtaining affidavits and evidence while I am incarcerated. To my knowledge, there are no rules or procedures for post-judgment discovery.

52.  The Court has inherent power "to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it." This statute is strikingly similar to the, "All Writs Act", which authorizes Court's Federal and State to, "issue all writs necessary or appropriate in aid of their respective jurisdictions." (28 U.S.C. § 1651 [a]).

53.  The Supreme Court has held that the provisions of the "All Writs Act', imposes a duty on Federal Trial Courts and State Courts to provide the necessary procedures for an accurate inquiry into a Defendant's claim, since a Defendant's incarceration and indigence prevents him from investigating matters himself.

_Harris -v- Nelson,_ 394 U.S. 286, 300, 89 S.Ct. 1082, 1091 (1969). This has also been implied with respect to _People -v- Callace,_ Misc. 2d 151, 464, 573 N.Y.S. 2d 137 (Suffolk County Ct. 1991); _cf. People -v- Griffin,_ 138 Misc. 2d 279, 524, N.Y.S. 2d 153 (Sup. Ct. Kings County 1988); _Matter of Bernard C.,_ 168 Misc. 2d 813, 640 N.Y.S. 2d 962 (Family Court N.Y. County 1996).

54. There is also authority to grant a request for a _"subpoena duces tecum",_ Various Courts have consistently interpreted the Constitution and miscellaneous statutes to require the production of evidence to support a Defendant's post conviction claim. _Diaz -v Lukash,_ 82 N.Y. 2d 211, 217-218, 604 N.Y.S. 2d 28, 31 (1993); [interpreted  right of County Law to require production of records to support post conviction claim]; _People  v- Scott,_ 10 N.Y. 2d 380, 223 N.Y.S. 2d 472 (1961); {extended right of compulsory process to post-judgment proceedings}; _Dabbs -v- Vargari,_ 149  Misc. 2d 844, 570 N.Y.S. 2d 765 (Sup Court Westchester County, 1990); [extended Brady Due Process rule of discovery to post-conviction motions] _Germany -v- Vance,_ 868 F. 2d 9, 14 (1st Cir. 1989); [interpreted right of  "adequate, effective and meaningful" access to the Courts to require production  of records to support proceedings]; _U.S. -v- Groce,_ 833 F. Supp. 411, 416-417  (E.D. Wis 1993); [interpreted right of adequate, effective and meaningful access  to the Courts to require production of transcripts for use in preparing post- judgment motion]; _cf. Matter of Bernard C., supra_ [ right to compulsory process **not** limited exclusively to a trial stage].

55. Moreover the equal protection and basic fairness requirements of Due Process

26

under the Fourteenth (14th) Amendment of the Constitution of the United States, requires that an incarcerated, indigent Defendant has an attorney and/or investigator to help him accumulate evidence in support of his post conviction motion. Just as a rich Defendant would be able to afford those services.

56. The affidavits and other evidence sought herein are extremely material to a determination of this motion. Consequently, the Court has clear authority, to direct Attorney John O'Brien, to submit an affidavit, and authority under the informa pauperis granted the Defendant, to assign an attorney And/or investigator to obtain other affidavits and evidence on my behalf.

57. Indeed if affidavits are " so necessary " to a motion that a pro se Defendant's failure to at least try to obtain them on his own, would warrant the dismissal of his motion, (*People -v- Morales, supra; People -v- Ford, supra*), it follows that such affidavits would be just as "necessary to carry into effect the powers and jurisdiction possessed by [Court]" to justify the Court in taking whatever steps may be required to have them submitted.

58. Through the actions of Attorney John O'Brien there has been a violation of the Defendant Mark Richards Constitutional Rights and his fundamental right to Due Process.

59. Contrary to any allegations the Prosecution may make, my claims are supported by sworn affidavits which are only now available to be brought out.

60. The prosecution may want to deny the allegations of my motion, but these allegations concern conversations between myself and Attorney O'Brien. The Prosecution not being present during these conversations, thus they are not in a

position to admit or deny any of my allegations.

**WHEREFORE,** the Defendant Mark Richards, prays that this Court make an Order, granting the relief sought herein, and granting such further relief this Court may deem just and proper.

Respectfully Submitted,

Mark Richards, pro se

## CERTIFICATE OF SERVICE

I hereby certify that I have sent by First-lass, Pre-Paid, U.S. Postage copies of the enclosed papers to; Connecticut Superior Court located at 410 Center Street, Manchester, Conn. 006040; Attorney John O'Brien Rockville, Conn, 10110 and to the States Attorney's Office at 410 Center Street, Manchester, Conn. 06040

Mark Richards, pro se
160 Elm Street
Greenfield, Ma. 01301

28

to Mark Richards about Judge. My name is Patricia A. Davis and I want to let you know I did a very wrong thing. Mark Richards and I were going out and he and I were both opening a 7 person Checking Account so we both could write Checks.

I said Mark had Forged the check because we got into a Fight and I was very angry at him.

I gave a copie of this to Mr. O'Brien who is Mark's lawyer so when Mark goes to court he doesn't have to go to jail 4 or 5 days before the Check was written at stop and shop and I went to Mark's work and had him make out signature cards so he could also write Checks because we both put our money in together.

We have gone out For a long number of years and we gonna be together iF we can For a long time. We got into the argument the next day after he signed the cards and he never knew I didn't give them to the Bank lady. I am giving Mark and Mr. O'Brien together 2 of these letters so Mark doesn't have to go to jail because I got mad.

thank you
Patricia A. Davis

Exhibit A

I Mark Richards am having this letter from Patricia A. Davis notarized because of the following:

1. Patricia A. Davis made this letter in the year 2001 before I was sentenced and gave a copy she swears to Attorney O'Brien.

2. I did not get a copy until I was already sentenced.

3. I swear the paper this is attached to is the original I received from Patricia A. Davis in the year 2001.

Mark Richards, pro se

Sworn to this
day of October, 2004.

_____
Mark Richards

~~Notary~~

Massachusetts Notary

~~of~~ Notary

Franklin County

Brian H. Greene

my Commission Expires 9/22/06

Before Me

10/7/04

Exhibit A[1]

**Mark Richards, pro se**
**160 Elm Street**
**Greenfield, Ma.  01301**

October 11, 2004

State of Connecticut
Superior Court
410 Center Street
Manchester, Ct.  06040

Re:  Re-Opening of Docket Numbers;
    CR 00-171352
    CR 01-176684

Your Honor,

    I realize that my sentence has been served and it is not that the time is the issue. As

you can see from reading my motion that all I want is a wrong to be righted.

    I did not know of the letter to Attorney O'Brien until I was sentenced and doing the

time. I figured it was to late to say or do anything at that point.

    I just recently while speaking to an Attorney find out that it was possible to do

anything about this issue, but he showed me there was no "statute of limitations" on a

collateral motion.

    He also informed me, that most Courts are very fair and justice  minded an that in a

case like mine "Want the Truth and Justice " served.

    I am praying you Grant me the chance to show I did not do this crime.

    As you can see from exhibit A I am sending the original copy of Patricia Davis's

letter to you and I depose the following:

    I Mark Richards,swear under the "Penalties of Perjury" that exhibit A is the original

letter I received from Patricia A. Davis, in June of 2001, she mailed it to me and couldn't

*Exhibit B*

understand why I had went to jail even though she had given a letter to Attorney John

O'Brien telling him I didn't do the Forgery, and she couldn't understand why he never

contacted her.

Thank you in advance for your kind time and consideration.

Sincerely

Mark Richards, pro se

Exhibit B²

**MITTIMUS**  JD-CR-33  Rev. 9-94
C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76
18-82, 54-2a, 54-64b, 54-92a, 54-96b, 54-97, 54-98
Pr. Bk. Sec. 929 - 932a

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

*INSTRUCTIONS TO CLERK*
*Prepare a separate Mittimus for each file.*
**TO OFFICER**
*Original to receiving facility; return copy to court.*

227.240

☒ JUDGMENT
☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS
   OF RELEASE UNDER 54-2a

**TO: Any Proper Officer**

| DATE OF DISPOSITION |
| --- |
| 1-17-01 |

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE SENTENCE TO BEGIN (if different) |
| --- | --- | --- | --- |
| CR01-176684 | Mark Richards | 7-17-71 | |

| NAME AND LOCATION OF RECEIVING FACILITY | NAME AND LOCATION OF COURT |
| --- | --- |
| | GA12 - Manch |

| | FIRST COUNT - STATUTE NO. | DATE OF OFFENSE | SECOND COUNT - STATUTE NO. | DATE OF OFFENSE | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
| --- | --- | --- | --- | --- | --- | --- |
| ☒ CRIME(S) CONVICTED | 51-332 | 1-17-01 | | | | |
| | FOURTH COUNT - STATUTE NO. | DATE OF OFFENSE | FIFTH COUNT - STATUTE NO. | DATE OF OFFENSE | SIXTH COUNT - STATUTE NO. | DATE OF OFFENSE |
| ☐ CRIME(S) CHARGED | | | | | | |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

| COUNTS AND TERMS (If execution of portion of sentence is suspended, show only time to be served.) | | | | | | TOTAL EFFECTIVE SENTENCE |
| --- | --- | --- | --- | --- | --- | --- |
| First | Second | Third | Fourth | Fifth | Sixth | |
| 90 Days | | | | | | 90 Days |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines.  *(A defendant may not be incarcerated for failing to pay fees or costs.)*

| COUNTS AND FINES (Show only unpaid portion of fines) | | | | | | TOTAL UNPAID BALANCE |
| --- | --- | --- | --- | --- | --- | --- |
| First | Second | Third | Fourth | Fifth | Sixth | |
| | | | | | | |

☐ **The Defendant is entitled to sentence credit of _____ days.**

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT (Name and address of court) | | ON (Date) | SURETY BOND AMOUNT |
| --- | --- | --- | --- |
| | ☐ J.D. ☐ G.A. | | |

**ORDER**

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

| SIGNED (Assistant Clerk) | By Order of the Court | DATE SIGNED | RECEIVING FACILITY TIME STAMP |
| --- | --- | --- | --- |
| | | 1-17-01 | |

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**

I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

Exhibit E

| NAME AND LOCATION OF RECEIVING FACILITY | | |
| --- | --- | --- |
| TITLE OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER |

**MITTIMUS**   JD-CR-38  Rev. 9-94
C.G.S. §§ 18-23, 18-63, 18-65, 18-65a, 18-73, 18-76
18-82, 54-2a, 54-64b, 54-92a, 54-96b, 54-97, 54-98
Pr. Bk. Sec. 929 - 932a

**STATE OF CONNECTICUT**
**SUPERIOR COURT**



☒ JUDGMENT
☒ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS
   OF RELEASE UNDER 54-2a

*INSTRUCTIONS TO CLERK*
*Prepare a separate Mittimus for each file.*
*TO OFFICER*
*Original to receiving facility; return copy to court.*

#2

**TO: Any Proper Officer**

DATE OF DISPOSITION  4-26-01

| DOCKET NO. CR00-171352 | NAME OF DEFENDANT Mark A Richards | DATE OF BIRTH 7-17-71 | DATE SENTENCE TO BEGIN (if different) |

NAME AND LOCATION OF RECEIVING FACILITY

NAME AND LOCATION OF COURT  GA12 Manchester

☒ CRIME(S) CONVICTED
☐ CRIME(S) CHARGED

| FIRST COUNT - STATUTE NO. 53a-139 | DATE OF OFFENSE 3-17-98 | SECOND COUNT - STATUTE NO. 53a-172 | DATE OF OFFENSE 7-7-00 | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
| FOURTH COUNT - STATUTE NO. | DATE OF OFFENSE | FIFTH COUNT - STATUTE NO. | DATE OF OFFENSE | SIXTH COUNT - STATUTE NO. | DATE OF OFFENSE |

**JUDGMENT MITTIMUS**

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

COUNTS AND TERMS

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
| 2 yrs | 2 yrs | | | | | 2 yrs. |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

2nd ct conc w/ 1st ct.

Nolle other charges.

*(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.)*

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. *(A defendant may not be incarcerated for failing to pay fees or costs.)*

COUNTS AND FINES (Show only unpaid portion of fines)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
| | | | | | | |

☐ The Defendant is entitled to sentence credit of _____ days.

**TRANSFER OR CONTIN.**

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.

| TO BE HELD AT (Name and address of court) | ☐ J.D. ☐ G.A. | ON (Date) | SURETY BOND AMOUNT |

**ORDER**

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

| SIGNED (Assistant Clerk) | By Order of the Court | DATE SIGNED 4-26-01 | RECEIVING FACILITY TIME STAMP |

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**

I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY

Exhibit F

| TITLE OF DELIVERING OFFICER | SIGNATURE OF DELIVERING OFFICER | SIGNATURE OF RECEIVING OFFICER |

**Mark Richards**
**160 Elm Street**
**Greenfield, Ma.  01301**

**Clerk of Court**
**Superior Court**
**410 Center Street**
**Manchester, Ct.  06040**

**Re: State -v- Richards**
**Docket #'s: CR 00-171352**
**CR 01-176684**

Dear Sir or Madam,

Please find enclosed the Original Notice of Motion to Vacate Judgment, Affidavit in Support of Motion and exhibits (A through E) together with Certificate of Service by mail on the States Attorney, the Court and on Attorney John O'Brien my former counsel in the above matter.

Please submit these papers to a Judge for me, and thank you for your kind cooperation.

Very Truly Yours,

Mark Richards, pro se

**APPLICATION FOR WAIVER OF FEES/APPOINTMENT OF COUNSEL**

FAMILY, CIVIL, HOUSING
JD-FM-75 Rev. 6-96  C.G.S. §46b-231
Pr. Bk. §§ 50, 484A

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

**INSTRUCTIONS**

**TO APPLICANT**
1. Print or type all information requested.
2. Have the Financial Affidavit section notarized.
3. Bring this form to the superior court in which your case will be filed or is pending.

**TO CLERK**
1. Bring this completed form to the attention of the judge or, if applicable, to a family support magistrate.
2. If the application is granted by the judge or the family support magistrate notify the applicant and counsel if appointed.

## TO: THE SUPERIOR COURT

| FROM (Name of Applicant) | ADDRESS OF APPLICANT (No., street, town, state and zip) | TELEPHONE NO. |
|---|---|---|
| Mark Richards | 160 Elm Street, Greenfield, Ma. 01301 | N/A |

NAME OF CASE: State of Connecticut v. Mark Richards

DOCKET NO. (If applicable): CR-00-171352 / 176684 CR-01

☐ JUDICIAL DISTRICT
☐ HOUSING SESSION
☒ G.A. NO. 13

ADDRESS OF COURT: 410 Center St. Manchester, Ct. 06040

**TYPE OF PROCEEDING**
☐ CONTEMPT
☐ DISSOLUTION OF MARRIAGE
☐ HOUSING
☐ APPLICATION FOR RELIEF FROM ABUSE
☒ MOTION TO REOPEN/MODIFY
☐ CIVIL
☐ OTHER (Specify):

### FEE WAIVER

I request that the court waive or have the State pay the fees indicated below. ("X" all that apply)

☒ ENTRY FEE  ☐ SHERIFF'S FEE  ☒ FILING FEE  ☐ OTHER (Specify):

### APPOINTMENT OF COUNSEL  (Applicable only in a contempt proceeding)

☒ I request that the court appoint counsel to represent me.

### FINANCIAL AFFIDAVIT

**I. DEPENDENTS**

TOTAL NO. OF DEPENDENTS* 1
Not including yourself

**II. INCOME**

| | NET MONTHLY INCOME |
|---|---|
| A. Net monthly income after taxes from monthly employment | None |
| B. Other income (i.e., AFDC, Social Security, etc.) | MONTHLY AMOUNT: None   SOURCE: |
| C. Total of all monthly income | MONTHLY TOTAL: None |

**III. BASIC MONTHLY EXPENSES**

| | | | | | |
|---|---|---|---|---|---|
| A. Rent/Mortgage............. | N/A | D. Food ........................ | N/A | G. Medical/Dental | N/A |
| B. Real Estate Taxes ....... | N/A | E. Clothing...................... | N/A | H. Transportation | N/A |
| C. Utilities (Telephone, heat electric, water, gas, etc.) | N/A | F. Insurance Premiums (Med./Dental, Auto, Life, Home) | N/A | I. Child Care........ | N/A |
| | | J. Other (Specify): | | **TOTAL MONTHLY EXPENSES** | N/A |

**IV. ASSETS**

| | ESTIMATED VALUE | LOAN BALANCE | EQUITY |
|---|---|---|---|
| A. Real Estate ..... | 0 | 0 | REAL ESTATE |
| B. Motor Vehicles | 0 | 0 | MOTOR VEHICLE |
| C. Other Personal Property | 0 | 0 | OTHER PROPERTY |
| D. Savings Accounts (Total of all accounts) ........... | | | SAVINGS |
| E. Checking Accounts (Total of all accounts).......... | | | CHECKING |
| F. Other Assets (Specify): ............................... | | | OTHER ASSETS |
| **TOTAL ASSETS** | | | TOTAL ASSETS: N/A |

**V. LIABILITIES/DEBTS** (Do not include mortgage or loan balances that are listed under "Assets".)

| TYPE OF DEBT | AMOUNT OWED | MNTHLY PYMT. |
|---|---|---|
| | 0 | 0 |
| | 0 | 0 |
| | 0 | 0 |
| | 0 | 0 |
| | 0 | 0 |
| **TOTAL LIABILITIES** | TOTAL OWED: 0 | TOTAL/MONTH: 0 |

(CONTINUED ON OTHER SIDE)

I hereby certify that the foregoing information is accurate to the best of my knowledge and that I can, if requested, submit documentation for all income, expenses and liabilities listed above.

**NOTICE ►** | *Any false statement made by you under oath which you do not believe to be true and which is intended to mislead a public servant in the performance of his or her official function may be punishable by a fine and/or imprisonment.*

| SIGNED (Applicant) X Mark Richards | PRINT NAME OF PERSON SIGNING AT LEFT Mark Richards | DATE SIGNED 10/17/06 |
|---|---|---|
| SUBSCRIBED AND SWORN TO BEFORE ME: ON (Date) 10/17/06 | SIGNED (Notary Public, Commissioner of the Superior Court, Assistant Clerk) | |

**ORDER**

The Court, having found the applicant ☐ INDIGENT ☐ NOT INDIGENT hereby orders the application:

☐ GRANTED as follows:

1. The following fees are waived ☐ ENTRY FEE ☐ FILING FEE ☐ OTHER *(Specify):* _____

2. The following fees are ordered paid by the State ☐ SHERIFF'S FEES NOT TO EXCEED $ _____

    ☐ OTHER *(Specify):* _____

3. Counsel is ☐ NOT APPOINTED ☐ APPOINTED *(Name):* _____

☐ DENIED because the applicant does not face potential incarceration.

☐ DENIED.

| BY THE COURT *(Print or type name of Judge/Fam. Sup. Magistrate)* | ON (Date) | SIGNED (Judge, Fam. Supp. Magistrate, Asst. Clerk) | DATE SIGNED |
|---|---|---|---|

JD-FM-75 (Back) Rev. 2-95